# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK A. ARCHULETA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WHITFIELD, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-00661-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>**FOURTEEN (14) DAY DEADLINE** |

  Plaintiff Frederick A. Archuleta ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on April 6, 2018 in the United States District Court for the Northern District of California, and the action was transferred to the Eastern District on May 11, 2018.

**I. Legal Standard**

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

In rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim. See, e.g., Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014); Medina v. Sacramento Cty. Sheriff's Dep't, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); Lucas v. Dir. of Dep't. of Corrs., 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on Albino and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

**II.      Discussion**

In the complaint, Plaintiff indicates that he presented the facts in his complaint for review through the grievance procedure at his institution, noting Log # CHCF-D-17-04062. However, Plaintiff states that his appeal was rejected at the first formal level, and that he did not appeal his grievance to the highest level of appeal available to him. (ECF No. 1, pp. 1–2.) Plaintiff cites to Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005) and states that "The Appeals System proved to be inadequate." (Id.)

Plaintiff's complaint also includes a copy of Log # CHCF-D-17-04062, as well as the response Plaintiff received at the first level. (Id. at 8–9, 12–16.) It appears that Plaintiff received a response for Log # CHCF-D-17-04062 on November 20, 2017, rejecting his appeal at the First

Level for failing to provide supporting documentation. (Id. at 12.) Plaintiff was advised to use the CDCR form 22 process, then to attach it to his CDCR form 602 within 30 days for further review. (Id.)

Based on these documents and Plaintiff's own statements, there is no indication that Plaintiff pursued his appeal beyond the first level, despite guidance from CDCR as to how he should proceed with the grievance process. Nor has Plaintiff provided any explanation for his failure to do so. Thus, it appears clearly on the face of the complaint that Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with section 1997e(a).

### III. Order and Recommendation

Accordingly, the Clerk of the Court is DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to exhaust administrative remedies prior to filing suit.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 5, 2018**        /s/ Barbara A. McAuliffe
                               UNITED STATES MAGISTRATE JUDGE